# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JOSHUA A. DIEDRICH,**
    **Plaintiff,**

   v.                                        Case No. 22-C-87

**SGT WICKLUND, et al.,**
    **Defendants.**

---

## SCREENING ORDER

Plaintiff Joshua A. Diedrich, a pretrial detainee confined at the Brown County Jail, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his civil rights. This order resolves plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

### I. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a "prisoner" when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On January 26, 2022, I ordered the plaintiff to pay an initial partial filing fee of $75.40. ECF No. 5. Plaintiff paid that fee on February 15, 2022. I will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. SCREENING THE COMPLAINT

### A. Federal Screening Standard

Under the PLRA, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–*

*Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). I construe pro se complaints liberally and hold them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**B. Plaintiff's Allegations**

The plaintiff alleges that on October 30 (he does not provide the year), Sergeant Wicklund and Officers Vaubel and Mueller of the Green Bay Police Department arrested, detained, and pepper sprayed him. He alleges that Wicklund approached the plaintiff's truck because the plaintiff did not have on his headlights. Wicklund told the plaintiff he had been following him, but the plaintiff says he was parked in an alley and was not driving. Wicklund asked for the plaintiff's driver's license and "became very aggressive." ECF No. 1 at 3. The plaintiff rolled up his window and attempted to use the camera on his phone, when Wicklund smashed his truck window. Officers Mueller and Vaubel arrived at the scene (the plaintiff does not say when), and Vaubel pepper sprayed the plaintiff. The plaintiff says the officers "didn't have a reason to arrest an[d] pepper spray" him. *Id.* at 2. The plaintiff alleges Wicklund later "did a[n] illegal search of [his] truck." *Id.* at 3.

Officers Vaubel and Mueller eventually took the plaintiff to an emergency room, where they allegedly rammed him into a bed while he was blinded from the pepper spray. He alleges the officers would not allow a doctor to rinse the plaintiff's eyes while providing him medical treatment. The plaintiff alleges the officers told the doctors they would allow him to rinse his eyes in an eye wash station as they escorted him out of the hospital, but they never allowed him to do so. The plaintiff alleges that he hurt his knee during the events.

The plaintiff sues the three officers and the Green Bay Police Department. He seeks monetary damages and the costs to repair his truck window. He also requests that the officers "take some sort of angry [sic] management class as well as take the police code of ethics to heart an[d] not take excessive action against anyone else." *Id.* at 4.

**C. Analysis**

The plaintiff's allegations suggest several potential claims. He first claims that the officers stopped, detained, and arrested him for no reason and (presumably) without a warrant to do so. He alleges that Sergeant Wicklund illegally searched his truck after his arrest. The Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. Const. Amend. IV; *Alexander v. McKinney*, 692 F.3d 553, 558 (7th Cir. 2012) (citing *Albright v. Oliver*, 510 U.S. 266, 275 (1994) (plurality opinion)). The Fourth Amendment also governs a claim of unlawful pretrial detention. *See Williams v. Dart*, 967 F.3d 625, 632 (7th Cir. 2020) (citing *Manuel v. City of Joliet*, —— U.S. ——, 137 S. Ct. 911, 917 (2017)). An officer has an absolute defense to a claim of unlawful arrest or detention or unreasonable seizure if there existed probable cause for the arrest or detainment. *See McWilliams v. City of Chicago*, No. 20-1770, 2022 WL 135428, at *2 (7th Cir. Jan. 14, 2022) (citing *Martin v. Marinez*, 934 F.3d 594, 598 (7th Cir. 2019)); *Abbott v. Sangamon County*, 705 F.3d 706, 713–14 (7th Cir. 2013).

The plaintiffs does not provide many details about the alleged events. The plaintiff says he was parked in an alley when Wicklund approached his truck, smashed his window, and eventually arrested him. The other officers arrived sometime later, and Vaubel pepper sprayed the plaintiff. The plaintiff says the officers had no reason for their actions. He does not allege whether he was resisting arrest or being combative, which

4

circumstances could have warranted his arrest. Nor does he allege whether the officers had a warrant or probable cause for his arrest or for the search that followed. He does allege that he rolled up his window and reached for his phone when Wicklund "became very aggressive." Perhaps this movement triggered Wicklund to smash the window, a possibly unreasonable response. Nonetheless, for purposes of screening I must accept the allegations as true and construe reasonable factual doubts in the plaintiff's favor. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996). With that standard in mind, I find that the plaintiff sufficiently states Fourth Amendment claims for unlawful seizure and detainment and unlawful search of his truck. He may proceed against the defendants on this claim.

The plaintiff also alleges that the officers used excessive force during and after his arrest, when they smashed his truck window, pepper sprayed him, and pushed him into a bed at the hospital. At the time of the defendants' actions, the plaintiff was being arrested. Therefore, this claim also falls under the Fourth Amendment and its guarantee against unreasonable seizures. *Graham v. Connor*, 490 U.S. 386, 394 (1989); *see Tennessee v. Garner*, 471 U.S. 1, 7–8 (1985) (claim of excessive force to effect arrest analyzed under a Fourth Amendment standard). Under the Fourth Amendment, the court applies an objective reasonableness test, considering the reasonableness of the force based on the events confronting the defendants at the time and not on their subjective beliefs or motivations. *See Horton v. Pobjecky*, 883 F.3d 941, 949–50 (7th Cir. 2018) (citing *Graham*, 490 U.S at 396–97; *County of Los Angeles v. Mendez*, ––– U.S. –––, 137 S. Ct. 1539, 1546–47 (2017)). This test carefully balances "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing

governmental interests at stake." *Pekrun v. Puente*, 172 F. Supp. 3d 1039, 1044 (E.D. Wis. 2016) (citing *Graham*, 490 U.S at 396).

Again, the complaint's scarcity of facts leaves little to discuss. The plaintiff says the officers, without reason, broke his truck window, pepper sprayed him, and took him to a hospital where they injured him further. The complaint does not allege that the plaintiff resisted the officers, attempted to assault the officers or run, or otherwise provided cause for the use of force. If those allegations are true, and I must accept that they are, then the officers' actions were excessive and unnecessary. *See, e.g.*, *Brooks v. City of Aurora, Ill.*, 653 F.3d 478, 486 (7th Cir. 2011) (noting that courts have found use of force excessive "when the use of pepper spray is gratuitous or unprovoked"). I will allow the plaintiff to proceed on a Fourth Amendment claim of excessive force against the officers.

The plaintiff alleges that while Officers Vaubel and Mueller detained him at the hospital, they refused to allow him to wash the pepper spray out of his eyes. He says the officers also did not allow doctors to rinse out his eyes while they treated him. Although the details are even less clear than the others, the plaintiff could be claiming that the officers denied him proper medical care. As noted, the plaintiff was an arrestee at the time and had not yet appeared for a probable cause hearing, so the Fourth Amendment also governs this claim. *See Currie v. Chhabra*, 728 F.3d 626, 629 (7th Cir. 2013); *Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011). To state a claim under the Fourth Amendment, the complaint must show that the officers' response to the plaintiff's medical needs "'was objectively unreasonable' and 'caused the harm of which [he] complains.'" *Currie*, 728 F.3d at 631 (quoting *Ortiz*, 656 F.3d at 530). Unlike a convicted and incarcerated person's claim of inadequate medical treatment, which I would review under

the Eighth Amendment, an arrestee proceeding under the Fourth Amendment need not show that the medical condition "'rise[s] to the level of objective seriousness.'" *Ortiz*, 656 F.3d at 531 (quoting Williams v. Rodriguez, 509 F.3d 392, 403 (7th Cir. 2007)).

As with the other claims, the plaintiff's brief facts suggest enough to state a claim without providing a potential justification. He says the officers took him to a hospital after arresting and pepper spraying him, but they did not allow him to rinse the pepper spray from his eyes at the hospital. The officers also did not allow doctors to rinse the plaintiff's eyes and said they would allow the plaintiff to rinse his eyes when they left the hospital an unspecified amount of time later. But they did not allow the plaintiff to do so. That suggests the plaintiff had to endure the burn of pepper spray for potentially hours or at least until the effects wore off. These actions, if they occurred, were unreasonable and caused the harm (the burning sensation) of which the plaintiff complains. I will therefore allow the plaintiff to proceed on this claim against Officers Vaubel and Mueller.

As a final note, a police department is not a suable entity under § 1983. *See Best v. City of Portland*, 554 F.3d 698, 698 n.* (7th Cir. 2009). I therefore will not allow the plaintiff to proceed on any claim against the Green Bay Police Department.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Green Bay Police Department is **DISMISSED**. The clerk shall terminate the Green Bay Police Department from the docket.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint and this order upon Sergeant Wicklund, Officer Vaubel, and Officer Mueller

of the Green Bay Police Department pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

**IT IS ALSO ORDERED** that defendants Wicklund, Vaubel, and Mueller shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from the plaintiff's prison trust account the $274.60 balance of the filing fee **by collecting payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the account in any month in which either (1) the balance in the account exceeds $10 or (2) the income credited to the account in the preceding month exceeded $10.** The collected payments shall be sent to the Clerk of Court. The payments shall be clearly identified by the case name and number assigned to this case. If the plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. The plaintiff is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 3rd day of March, 2022.

s/Lynn Adelman<br>
LYNN ADELMAN<br>
United States District Judge